Filed
11/3/2020 4:59 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **20-DCV-278198** _____

| | | |
|---|---|---|
| ANA DELIA ALCARAZ, | § | IN THE DISTRICT COURTS OF |
| _Plaintiff,_ | § | |
| | § | |
| V. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| FIESTA MART, L.L.C., Individually and | § | |
| D/B/A FIESTA MART. | § | Fort Bend County - 268th Judicial District Court |
| | § | _____ JUDICIAL DISTRICT |
| _Defendant._ | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

ANA DELIA ALCARAZ (hereinafter called "Plaintiff") comes forth to present this complaint FIESTA MART, L.L.C., Individually and D/B/A FIESTA MART, (hereinafter called "Defendant"). For cause of action, Plaintiff would show the Court as follows:

## DISCOVERY CONTROL PLAN

1.     The parties should conduct pre-trial discovery in accordance with the discovery-control plan described in Rule 190.3 of the Texas Rules of Civil Procedure (Level 2).

## PLAINTIFF'S COMPETENCY TO SUE

2.     Plaintiff is a natural person over the age of twenty-one who resides of Fort Bend County, Texas. She is in every respect competent to assist in the prosecution of this lawsuit.

## COURT'S JURISDICTION OVER DEFENDANT

Exhibit 3

3.     FIESTA MART, L.L.C., Individually and D/B/A FIESTA MART a for-profit corporation that was formed in Texas on or about March 19, 2015.  It has been lawfully operating its retail business in Texas ever since.

## SERVICE OF PROCESS

4.     An authorized process server can perfect service-of-process on FIESTA MART, L.L.C., Individually and D/B/A FIESTA MART, by hand-delivering a copy of this petition, and a citation to appear herein, to said Defendant's registered agent for service in Texas, to wit:  CT Corporation System, at the agent's registered office address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever the agent can be found.

## SUBJECT-MATTER JURISDICTION

5.     Plaintiff has brought this cause of action to recover bodily-injury damages she suffered while shopping in one of Defendant's grocery stores.  Plaintiff alleges that the accident and her injuries were proximately caused by the negligence of Defendant's employees acting within the scope of their employment with Defendants, or by a premises defect that exposed Plaintiff to an unreasonable risk of suffering serious harm. Plaintiff's accident-related damages far exceed the Court's minimal jurisdictional limit.

## CLAIM PURSUANT TO TRCP 47:
## NOT AN EXPEDITED ACTION

6.     Plaintiff's accident-related damages far exceed the Court's minimal jurisdictional limit. Plaintiff is seeking monetary relief in this matter in an amount of over $100,000.00, but not over $200,000.00.  Therefore, this is a non-expedited action.

## VENUE

7.      Venue is proper in Fort Bend County because that is the county where the

accident in question occurred. Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

## THE INCIDENT

8.      The incident happened at about 4:30 p.m. on November 4, 2019 at Fiesta Mart

#47, located at 1530 Independence Blvd, Missouri City, Texas 77489.  As Plaintiff made

her way along a narrow pathway down the dairy section, suddenly and without

warning, Plaintiff tripped over a piece of metal extruding from the cooling unit. The

trip caused her to traumatically fall forward injuring her hands, knee and lower back .

## CAUSE OF ACTION: NEGLIGENT EXPOSURE
## TO UNSAFE CONDITION ON PREMISES

9.      At the time of the incident, Plaintiff was on Defendant's premises with

Defendant's consent, pursuant to Defendant's implied invitation. In other words,

Plaintiff was Defendant's business invitee at the time of the incident. Therefore,

Defendant had a duty to Plaintiff to exercise ordinary care in preventing her from being

exposed to unreasonably dangerous conditions while she was on the premises.

10.      Defendant's and/or their employees knew or should have known that leaving the

cooler in disrepair such that a piece of metal from the cooler stuck out into the walkway

where the customers where shopping, was an unsafe and dangerous condition.  Once

Defendant's and/or their employees had actual or constructive knowledge of the danger

posed by having a piece of metal sticking out of the dairy cooler, they should have

promptly taken measures that would have prevented, eliminated, or diminished Plaintiff's exposure thereto. Defendant's manager and/or employees had actual or constructive knowledge that the base was in the walkway because the employees were in the process of restocking in that area and were aware of the tripping dangers it presented. The employee(s) failed to eliminate the condition or warn Plaintiff about the condition

11.     Among other things, they could have deployed employees to: (a) eliminate the known hazard by promptly removing the protruding piece; or (b) warn customers to "stay clear" or watch out for the protruding piece.

12.     Unfortunately, Defendant and/or their employees negligently failed to do any of the above, or anything at all, to eliminate or limit Plaintiff's exposure to the unreasonable risk of harm that the protruding piece of metal presented. Defendant and/or their employees' failure to eliminate a known dangerously defective condition constituted negligence, as that term is defined in civil law.

13.     Defendant's employees' negligence was the proximate cause of the injuries Plaintiff suffered in the accident. Therefore, Defendant is liable to Plaintiff for the totality of Plaintiff's bodily-injury damages.

PLAINTFF'S BODILY-INJURY DAMAGES

14.     Plaintiff's involvement in the above-described accident has caused her to suffer several severe, painful, and incapacitating injuries. The injuries have caused her to

suffer----and in all likelihood, will continue causing her to suffer----the following damages: (a) medical expenses (past and future); (b) physical pain (past and future); (c) mental anguish (past and future); (d) disfigurement (past and future); (e) physical impairment (past and future); and (f) lost wages (past and future).

## DEMAND FOR JURY TRIAL

15.     Plaintiff respectfully demands a trial-by-jury herein, and is paying the appropriate jury fee simultaneous to the filing of this original petition.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED, PURSUANT TO TRCP 93.7

16.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use any and all documents Defendants produce herein in response to any discovery requests Plaintiff serves upon Defendants herein, whether it be at any pre-trial proceeding or at trial.

## REQUEST FOR DISCLOSURES

17.     Plaintiff respectfully requests that, within fifty (50) days from the day it is served with citation to appear herein, Defendant disclose those matters specified in Rule 194.2 (*a*)-(*l*) of the Texas Rules of Civil Procedure.

## PRAYER

18.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands that this Court promptly issue citations for service upon Defendant; set this matter for a

scheduling conference and trial at the Court's earliest convenience; and, after the trial of

this matter, grant the following relief to Plaintiff:

a.  Judgment against Defendants for compensatory damages in an amount that exceeds $100,000.00 but does not exceed $200,000.00;

b.  Pre- and post-judgment interest at the highest rate allowed by law;

c.  Costs of court; and

d.  Any further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE LEON LAW FIRM, P.C.,
One Sugar Creek Center Blvd., Suite 980
Sugar Land, Texas 77478
Tel.: (281) 980-4529
Fax: (281) 980-4530

/s/ Magaly Grimaldo
Carlos A. Leon --- SBN 00794157
E-mail: cleon@theleonlawfirm.com
Piero A. Garcia --- SBN 24090112
E-mail: pgarcia@theleonlawfirm.com
Magaly Grimaldo --- SBN 24096012
Email: mgrimaldo@theleonlawfirm.com
ATTORNEYS FOR PLAINTIFF,
ANA DELIA ALCARAZ